

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE L. VEGA, | ) | Case No. CV 08-6883-DSF (RNB) |
| Petitioner, | ) | |
| | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| McDONALD, Superintendent, et al., | ) | |
| | ) | |
| Respondent. | ) | |

On or about October 6, 2008,[1] petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") in the United States District Court for the Southern District of California. Since the Petition purported to be directed to a 2003 conviction sustained by petitioner in Los Angeles County Superior Court, it was transferred to the Central District of California and filed here on October 20, 2008. Petitioner purports to be raising four grounds for relief: an insufficiency of the evidence claim directed to the jury's finding regarding one of the

---

[1] October 6, 2008 is the signature date of the Petition and thus the earliest date on which petitioner could have turned it over to the prison authorities for mailing. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) (holding that the prison mailbox rule applies to a habeas petitioner's state and federal filings); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (same).

sentence enhancement allegations, two sentencing error claims directed to his upper term sentence (one of which purports to be based on the Supreme Court's decision in <u>Cunningham v. California</u>, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007)), and another sentencing error claim. (<u>See</u> Pet. at ¶ 22).

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See <u>Calderon v. United States District Court for the Central District of California (Beeler)</u>, 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), <u>cert. denied</u>, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[2] 28 U.S.C. § 2244(d) provides:

> "(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

---

[2] <u>Beeler</u> was overruled on other grounds in <u>Calderon v. United States District Court (Kelly)</u>, 163 F.3d 530, 540 (9th Cir. 1998) (en banc), <u>cert. denied</u>, 526 U.S. 1060 (1999).

        retroactively applicable to cases on collateral review; or

        (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, according to the California Appellate Courts website, petitioner's Petition for Review of the Court of Appeal decision on direct appeal was denied by the California Supreme Court on September 21, 2005. Thus, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" was December 20, 2005, when the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2.

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(B). Moreover, while one of petitioner's sentencing error claims purports to be based on the Supreme Court's 2007 decision in Cunningham, petitioner is unable to make the requisite showing under 28 U.S.C. § 2244(d)(1)(C) that this claim is based on a constitutional right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. In Cunningham, the Supreme Court was merely applying the rule of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), as subsequently applied in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), to California's determinate sentencing law. See Cunningham, 127 S. Ct. at 864-71; see also Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008) (holding that Cunningham did not announce a new rule of constitutional law since "Apprendi, Blakely, and Booker made 'courts throughout the land' aware that sentencing schemes that raise the maximum possible term based

on facts not found by a jury violate the constitutional rights of defendants."). Apprendi, Blakely, and Booker had already been decided by December 20, 2005, the date on which petitioner's judgment of conviction became final. Nor does it appear that petitioner has a basis for contending that his insufficiency of the evidence claim or any of his other sentencing error claims is based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it is clear that petitioner has no basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(D) since petitioner was aware of the **factual** predicate of all of his claims as of the date he was convicted and sentenced. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was December 20, 2006. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

28 U.S.C. § 2244(d)(2) provides:

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000), the Ninth Circuit construed the foregoing tolling provision with reference to California's post-conviction procedures. The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." See id.

at 1006. Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court). However, the statute of limitations is not tolled during the interval between the date on which the judgment of conviction became final and the filing of the petitioner's first collateral challenge. See Nino, 183 F.3d at 1006.

Here, although petitioner has indicated in the Petition that he did not file any state court collateral challenges (see Pet. at ¶¶ 14, 16, 18), he does reference one California Supreme Court filing (see Pet. at ¶ 12) that, according to the California Appellate Courts website, was a habeas petition filed by petitioner on October 25, 2006. Since that petition was filed during the limitation period, petitioner would be entitled to statutory tolling under § 2244(d)(2) for the length of time it was pending. According to the California Appellate Courts website, the California Supreme Court denied petitioner's habeas petition on February 13, 2008. By the Court's calculation, the pendency of petitioner's California Supreme Court habeas petition had the effect of extending petitioner's federal filing deadline by 567 days from December 20, 2006 to July 9, 2008. Thus, when the Petition herein was filed in the Southern District of California on or about October 6, 2008, it was untimely by nearly 3 months.

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the Petition and to summarily dismiss a habeas petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the Court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before **December 1, 2008,**

petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness. If petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response to the Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstances" beyond petitioner's control stood in his way and/or made it impossible for him to file the Petition on time. See Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied, 127 S. Ct. 1880 (2007); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

DATED: October 22, 2008

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE